**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

JAMES P. BRASHEAR,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

Case No. 10-CV-143-FHM

**OPINION AND ORDER**

Plaintiff, James P. Brashear, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's September 29, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held June 18, 2007. By decision dated November 26, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 4, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 48 years old at the time of alleged onset of disability and 53 at the time of the ALJ's decision. He a completed 9th grade and formerly worked as truck driver. He claims to have been unable to work since January 1, 2002, as a result of pain caused by degenerative disc disease and cervical discectomy surgeries. The ALJ determined that Plaintiff retains the ability to occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds, stand and/or walk for at least 6 hours of an 8-hour workday, sit at least 6 hours in an 8-hour workday, but must avoid work above the shoulder level and may only occasionally stoop. [Dkt. 14-2, p. 15]. Although Plaintiff is not able to perform his past work as a truck driver, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with his limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: erred in finding that Plaintiff did not have a severe back impairment or a severe mental impairment; and in failing to discuss

what Listing of Impairments he considered in his analysis at step 3 of the evaluative sequence.

Low Back Pain

The ALJ acknowledged that Plaintiff was treated by a chiropractor for chronic lumbar strain/sprain and chronic discogenic lumbalgia with sciatica. [Dkt. 14-2, p. 17]. The ALJ also noted that the chiropractor's radiographs revealed mild degenerative disc disease at L4-L5 and stenosis at L5-S1, and that the chiropractor reported Plaintiff's low back range of motion was limited due to pain, spasm, and scar tissue. *Id.* at p. 18. The ALJ stated he considered the evidence from the chiropractor, but since chiropractors are not listed in the Commissioner's regulations as acceptable medical sources, the ALJ stated, "the [chiropractor's] evidence does not show objective medical evidence of a medically determinable physical impairment." *Id.* That statement is clearly inaccurate. Regardless of whether the ALJ accepted or rejected the chiropractor's observations and opinions, the x-rays do constitute objective medical evidence of a medically determinable impairment. However, the chiropractor was not the only source of medical information about lumbar spine limitations. Two physicians who evaluated Plaintiff for workers compensation purposed, Dr. Martin and Dr. Trinidad, both recorded limited and painful range of motion in the back, specifically in the lumbar region. [Dkt. 14-7, pp. 55, 56, 57, 61, 65, 66]. In addition, the consultative examiner noted Plaintiff had decreased and painful range of motion in the lumbar spine. [Dkt. 14-7, pp. 100, 103]. The ALJ's decision failed to mention the consultative examiner's observations about Plaintiff's lumbar spine. Furthermore, the record also contains a myelogram report indicating Plaintiff has some lumbar disc bulging

, [Dkt. 14-7, pp. 128-130], and has received steroid epidural injections for lumbar back pain, [Dkt. 14-7, pp. 119, 123].

It may be that the ALJ intended to account for Plaintiff's limited lumbar range of motion by including the limitation of only occasional stooping in the RFC, or it may be that the ALJ disbelieved that the lumbar limitations continued based on Plaintiff's report of daily activities. It is impossible to know for sure, however, because the ALJ did not discuss this evidence. Based on the ALJ's comment that "the evidence does not show objective medical evidence of a medically determinable physical impairment" related to Plaintiff's low back, the undersigned concludes that the ALJ was operating under an misapprehension about the content of the medical record. The decision must be reversed and the case remanded for the ALJ to clear up this factual inaccuracy.

<u>Mental Impairment</u>

Plaintiff argues that the ALJ had the facts wrong when he rejected any mental impairment as being non-severe. The ALJ stated there was no evidence provided which indicated treatment for mental issues after June 2003. [Dkt. 14-2, p. 15]. That statement is not accurate. The treatment notes of Dr. Losacco indicate he provided mental health treatment to Plaintiff, which included counseling and medications through April 12, 2004.

The Commissioner argues that this factual error was not significant because the case involves two distinct periods of time. The DIB application covered the period from January 1, 2002, through June 30, 2003, and the SSI application covered the time from September 2, 2005 through November 26, 2007. [Dkt. 17, p. 1, n1]. The mental health treatment that the ALJ missed fell between these time periods. *Id.* at 7.

The ALJ did not analyze the evidence as involving two distinct time periods. Had the ALJ done so and considered the mental health records from Dr. Losacco together with the evidence pertaining to Plaintiff's lumbar pain and the second cervical spine surgery, which occurred on February 19, 2002, the ALJ may have found that Plaintiff qualified for a period of disability before his insured status expired on June 30, 2003. As the decision stands, the ALJ lumped the evidence from the two distinct periods together into a single analysis that was based on factually inaccurate information. The court holds that the record does not support the denial of benefits on the ALJ's stated rationale and, therefore the ALJ's decision must be reversed and the case remanded for further proceedings.

<u>Listing of Impairments</u>

The Listing of Impairments (Listings) describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.1. At step three of the sequential analysis, the ALJ is required to discuss the evidence related to the Listings and the reasons for determining that Plaintiff is not disabled at step three. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). In this case the ALJ found that Plaintiff did not meet a Listing. [Dkt. 14-2, 15]. This conclusion is drawn without identification of any relevant Listing, discussion of the specific medical evidence related thereto, or the rationale for the determination that Plaintiff's impairments do not meet or equal a listed impairment. The Social Security Act requires the Commissioner to make findings of fact based on the evidence and to discuss the evidence, stating the reasons for any unfavorable decision. 42 U.S.C. § 405(b)(1).

In *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), the Tenth Circuit ruled that a "bare conclusion is beyond meaningful judicial review." Where, as here, the ALJ's

5

decision contains findings not accompanied by specific weighing of the evidence the Court cannot assess whether relevant evidence adequately supports the ALJ's conclusion that Plaintiff's impairments do not meet or equal a listed impairment, or whether the correct legal standards were applied to arrive at that conclusion. *Id.* On remand, the ALJ is required to identify the Listings he considers and to discuss the evidence related to the Listing.

For the reasons specified herein, the ALJ's decision is REVERSED and the case is REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 23rd day of March, 2011.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE